UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12098-RWZ

BARBARA A. JAROSZ

v.

ESSEX COUNTY SUPERIOR COURT

<u>MEMORANDUM AND ORDER</u>

November 26, 2012

ZOBEL, D.J.

<u>BACKGROUND</u>

On November 5, 2012, Petitioner Barbara Jarosz ("Jarosz"), a prisoner at South

Middlesex Correctional Center, filed a two-page, handwritten pleading titled "Motion for

Habeas Corpus § 2255 from State Confinement." <u>See</u> Docket No. 1.  The pleading

indicates that she is challenging her state conviction in the case <u>Commonwealth v.</u>

<u>Jarosz</u>, Essex Superior Court Docket No. 2010-00733.  <u>Id.</u>  Jarosz seeks to have the

court "issue an order releasing her from illegal confinement."  <u>Id.</u>  She contends that "the

integrity of the entire criminal justice system has come under scrutiny due to the Annie

Dookhan scandal at the state crime lab."  <u>Id.</u>  She complains that her sentence is

"illegal" and seeks appointment of counsel.  <u>Id.</u>

<u>DISCUSSION</u>

Although Jarosz styles her pleading as brought pursuant to 28 U.S.C. § 2255,[1]

the Court presumes that she seeks to collaterally challenge her state conviction

_____

[1]A writ of habeas corpus pursuant to 28 U.S.C. § 2255 provides the primary
means of collateral attack on a federal sentence.  Here, Jarosz seeks to attack her state
sentence.

pursuant to 28 U.S.C. § 2254.  However, in order to avoid any prejudice to Jarosz, the

Court will <u>not</u> construe the pleading itself as the § 2254 habeas petition notwithstanding

that Jarosz attempts to assert a habeas claim in the body of the pleading.  Rather, this

Court will afford Jarosz an opportunity to file a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 that includes all of claims that she wishes to assert in this

action, and names the "proper respondent" to a habeas petition (the Essex County

Superior Court is not the proper respondent).  <u>See</u> Rule 2(a) of the Rules Governing

Section 2254 Cases ("...the petition must name as respondent the state officer who has

custody."); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 439 (2004) (immediate custodian of

petitioner is proper respondent in habeas action).  Additionally, Jarosz' pleading fails to

satisfy the requirements for filing a habeas petition because it is does not allege

exhaustion of her state court remedies pursuant to § 2254(b)(1)(A), and is not signed

under the penalty of perjury.  <u>See</u> Rule 2(c)(5) of the Rules Governing Section 2254

Cases.  Finally, Jarosz has failed to pay the filing fee for habeas petitions or obtain a

waiver thereof in accordance with the requirements of Rule 3(a)(2) of the Rules

Governing Section 2254 cases (requiring the submission of an affidavit required by 28

U.S.C. § 1915).[2]

        Accordingly, in order to facilitate Jarosz' preparation of a § 2254 habeas petition,

---

[2]A party filing a Section 2254 habeas action in this Court must either (1) pay the
$5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without
prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915
(proceedings *in forma pauperis*).  The motion for leave to proceed without prepayment
of the filing fee must be accompanied by "a certificate from the warden or other
appropriate officer of the place of confinement showing the amount of money or
securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the
Rules Governing Section 2254 cases.

the Clerk is directed to send to Jarosz the standard form for the filing of habeas petitions

pursuant to 28 U.S.C. § 2254.  If Jarosz wishes to proceed with this action, she shall

complete this form in its entirety (or shall submit her own habeas form containing all

necessary information, including all grounds for habeas relief she wishes to assert), and

file a habeas petition signed under the penalties of perjury within twenty-one (21) days

of the date of this Memorandum and Order.  Within that time period, Jarosz also shall

satisfy the filing fee requirements of this Court, and the Clerk shall send her an

Application to Proceed in District Court Without Prepaying Fees and Costs for

completion.  Failure to comply with the directives of the Court will result in the dismissal

of this action without prejudice.

<u>ORDER</u>

Based on the foregoing, it is hereby Ordered that:

1.   The Court will not construe Petitioner's pleading (Docket No. 1) as a habeas
     petition pursuant to 28 U.S.C. § 2254.  If Petitioner wishes to proceed with this
     action, within 21 days of the date of this Memorandum and Order, she shall
     submit a completed habeas petition on the standard § 2254 form (or on her own
     form), failing which, this action shall be dismissed without prejudice;

2.   Within 21 days of the date of this Memorandum and Order, Petitioner shall either
     pay the $5.00 filing fee for habeas actions, or she shall submit a completed
     Application to Proceed in District Court Without Prepaying Fees and Costs along
     with her certified prison account statement; and

3.   The Clerk shall send to Petitioner the standard § 2254 form and an Application to
     Proceed in District Court Without Prepaying Fees and Costs.

SO ORDERED.

 November 26, 2012                      /s/ Rya W. Zobel
DATE                                   RYA W. ZOBEL
                                       UNITED STATES DISTRICT JUDGE