UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12098-RWZ

BARBARA A. JAROSZ

v.

ESSEX COUNTY SUPERIOR COURT

MEMORANDUM AND ORDER

November 26, 2012

ZOBEL, D.J.

BACKGROUND

On November 5, 2012, Petitioner Barbara Jarosz ("Jarosz"), a prisoner at South Middlesex Correctional Center, filed a two-page, handwritten pleading titled "Motion for Habeas Corpus § 2255 from State Confinement." See Docket No. 1. The pleading indicates that she is challenging her state conviction in the case Commonwealth v. Jarosz, Essex Superior Court Docket No. 2010-00733. Id. Jarosz seeks to have the court "issue an order releasing her from illegal confinement." Id. She contends that "the integrity of the entire criminal justice system has come under scrutiny due to the Annie Dookhan scandal at the state crime lab." Id. She complains that her sentence is "illegal" and seeks appointment of counsel. Id.

DISCUSSION

Although Jarosz styles her pleading as brought pursuant to 28 U.S.C. § 2255,[1] the Court presumes that she seeks to collaterally challenge her state conviction

---

[1] A writ of habeas corpus pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. Here, Jarosz seeks to attack her state sentence.

pursuant to 28 U.S.C. § 2254.  However, in order to avoid any prejudice to Jarosz, the Court will not construe the pleading itself as the § 2254 habeas petition notwithstanding that Jarosz attempts to assert a habeas claim in the body of the pleading.  Rather, this Court will afford Jarosz an opportunity to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that includes all of claims that she wishes to assert in this action, and names the "proper respondent" to a habeas petition (the Essex County Superior Court is not the proper respondent).  See Rule 2(a) of the Rules Governing Section 2254 Cases ("...the petition must name as respondent the state officer who has custody."); Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).  Additionally, Jarosz' pleading fails to satisfy the requirements for filing a habeas petition because it is does not allege exhaustion of her state court remedies pursuant to § 2254(b)(1)(A), and is not signed under the penalty of perjury.  See Rule 2(c)(5) of the Rules Governing Section 2254 Cases.  Finally, Jarosz has failed to pay the filing fee for habeas petitions or obtain a waiver thereof in accordance with the requirements of Rule 3(a)(2) of the Rules Governing Section 2254 cases (requiring the submission of an affidavit required by 28 U.S.C. § 1915).[2]

      Accordingly, in order to facilitate Jarosz' preparation of a § 2254 habeas petition,

---

[2] A party filing a Section 2254 habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.

the Clerk is directed to send to Jarosz the standard form for the filing of habeas petitions pursuant to 28 U.S.C. § 2254. If Jarosz wishes to proceed with this action, she shall complete this form in its entirety (or shall submit her own habeas form containing all necessary information, including all grounds for habeas relief she wishes to assert), and file a habeas petition signed under the penalties of perjury within twenty-one (21) days of the date of this Memorandum and Order. Within that time period, Jarosz also shall satisfy the filing fee requirements of this Court, and the Clerk shall send her an Application to Proceed in District Court Without Prepaying Fees and Costs for completion. Failure to comply with the directives of the Court will result in the dismissal of this action without prejudice.

## ORDER

Based on the foregoing, it is hereby Ordered that:

1. The Court will not construe Petitioner's pleading (Docket No. 1) as a habeas petition pursuant to 28 U.S.C. § 2254. If Petitioner wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, she shall submit a completed habeas petition on the standard § 2254 form (or on her own form), failing which, this action shall be dismissed without prejudice;

2. Within 21 days of the date of this Memorandum and Order, Petitioner shall either pay the $5.00 filing fee for habeas actions, or she shall submit a completed Application to Proceed in District Court Without Prepaying Fees and Costs along with her certified prison account statement; and

3. The Clerk shall send to Petitioner the standard § 2254 form and an Application to Proceed in District Court Without Prepaying Fees and Costs.

SO ORDERED.

  November 26, 2012                    /s/ Rya W. Zobel
DATE                                   RYA W. ZOBEL
                                       UNITED STATES DISTRICT JUDGE